IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT MONSON, # R-53681,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 12-cv-1262-MJR |
| ) | |
| **DAVID REDNOUR,** ) | |
| **MIKE ATCHINSON,** ) | |
| **WEXFORD MEDICAL SERVICES,** ) | |
| **DR. SAM NWAOBASI,** ) | |
| **and UNKNOWN PARTY,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a 50 year sentence for attempted murder. Plaintiff claims that Defendants were deliberately indifferent to a serious medical condition. Plaintiff's 21-page complaint consists of several hand-written pages, supplemented by typewritten pages that duplicate and expand upon the hand-written portions (Doc. 1).

More specifically, Plaintiff claims that at about 7:00pm on December 22, 2010, he was bitten by a brown recluse spider while he lay on his bunk (Doc. 1, p. 9). Plaintiff's cellmate found and killed the spider (Doc. 1-3). Plaintiff was in immediate pain and asked the gallery officer to summon medical attention for him. However, no medical staff responded. The next day, Plaintiff showed the first shift gallery officer the spider bite, where the necrosis had grown from the size of a quarter to the size of a hand, and again requested medical attention (Doc. 1, p.

11). During the second shift on December 23, 2010, an unknown medical technician viewed the spider bite and told Plaintiff she would send immediate help. At that time, Plaintiff informed her that he felt light-headed and sick, and felt pain in his heart and kidneys. *Id.* Plaintiff and other inmates made further requests for medical attention for him as he was becoming disoriented (Doc. 1, p. 13). However, no help arrived.

Plaintiff repeated his pleas for medical help on each ensuing shift as his symptoms grew worse. However, he was not given pain medication or seen by Defendant Dr. Nwaobasi until December 26, 2010, despite having direct contact on three different days with medical technicians who came to his cell (Doc. 1, pp. 11-17).

On December 26, 2010, Med Tech Anderson[1] examined Plaintiff, provided pain medication, and bandaged his wound (Doc. 1, p. 17). Defendant Nwaobasi examined Plaintiff the same morning. Plaintiff's wound was operated on that day, and he remained in an outside hospital from December 26 through December 30, 2010. *Id.* He required follow-up treatment for the wound through August 2011 (Doc. 1, p. 18). He asserts that the four-day delay before he obtained any medical care for the spider bite allowed his condition to worsen significantly.

Shortly after Plaintiff was released from the hospital, the "Orange Crush" team conducted a shakedown of Plaintiff's cell house (Doc. 1, p. 18). He told the officer in charge that he had just had an operation and he had a large bandage covering an exposed area on his back, where poison was draining out. He asked if he could be allowed to lie down during the cell shakedown. This request was denied, and Plaintiff was forced to stand outdoors in freezing weather for an hour, then wait inside for another five hours with his hands cuffed behind his back before being returned to his cell.

---

[1] Plaintiff does not name Med Tech Anderson as a Defendant, and the complaint does not indicate any basis for a claim against Anderson, who provided treatment to Plaintiff.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant Nwaobasi and several Unknown Party Gallery Officers, Sergeants, Lieutenants, and Medical Technicians for deliberate indifference to medical needs, for their failure to respond to Plaintiff's requests for medical care after he sustained the spider bite (Count 1).  Specifically, Plaintiff states a claim against the Gallery Officers, Sergeants, Lieutenants, and Medical Technicians who were on duty on the 4th Floor of Plaintiff's cell house from the 3:00pm-11:00pm shift on December 22, 2010, through the shift that ended at 7:00am on December 26, 2010.  Further, Plaintiff has stated a colorable claim against at least one Unknown "Orange Crush" Officer for deliberate indifference to his medical needs during the cell shakedown that took place between January 1-3, 2011 (Count 2).

However, the claims against Defendants Rednour and Atchinson (both identified by Plaintiff as Warden of Menard) are dismissed on initial review because the doctrine of *respondeat superior* is not applicable to § 1983 actions.  *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).  Plaintiff has not alleged that he notified either Defendant Rednour or Atchinson that his requests for medical treatment had been ignored.  Nor does the complaint indicate that either of these Defendants was "personally responsible for the deprivation of a constitutional right" in connection with the delay in medical treatment.  *Id.* Accordingly, Defendants Rednour and Atchinson shall be dismissed from this action without prejudice.

Likewise, Defendant Wexford Medical Services (the contractual medical provider and employer of Defendant Nwaobasi) cannot be held liable merely because of its supervisory role over prison medical staff.  Plaintiff makes no allegation that any individual defendant acted

or failed to act as a result of an official policy espoused by Wexford. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the violation). This Defendant shall also be dismissed.

**Disposition**

Defendants **REDNOUR, ATCHINSON,** and **WEXFORD MEDICAL SERVICES** are **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendant **NWAOBASI**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be

retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the

Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 18, 2013**

s/ MICHAEL J. REAGAN
United States District Judge