IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT MONSON, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 12–cv–1262–MJR–SCW |
| | ) |
| DR. SAM NWAOBASI, | ) |
| | ) |
|         Defendant. | ) |

**ORDER ADOPTING REPORT & RECOMMENDATION &
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**REAGAN, District Judge**:

In December 2012, *pro se* Plaintiff Robert Monson, an inmate at Illinois' Menard Correctional Center, sued Dr. Sam Nwaobasi and other defendants, named and unnamed, for violating his constitutional rights. Upon threshold review of the Complaint pursuant to 28 U.S.C. § 1915A, the undersigned dismissed all named Plaintiffs except Dr. Nwaobasi, whom Munson alleges violated his Eighth Amendment right to be free from cruel and unusual punishments via deliberate indifference to a brown recluse spider bite. (Monson's claims against the John Doe defendants survived screening, and are still part of this case).

Nwaobasi moved to dismiss on January 31, 2013 (Doc. 13), arguing Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e, the Prison Litigation Reform Act ("PLRA"). Plaintiff filed a brief in opposition to the motion to dismiss (Doc. 13). In accordance with Seventh Circuit precedent, Magistrate Judge Williams construed Nwaobasi's motion as one for summary judgment. *See Pavey v. Conley*, **544 F.3d 739, 741 (7th Cir. 2008) (rejecting the approach of raising the affirmative defense of failure to exhaust on a motion to dismiss).**

Because the parties disputed material facts regarding exhaustion, Judge Williams set an evidentiary hearing for April 16, 2013.

Pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c), and Federal Rule of Civil Procedure 72(b), Judge Williams submitted a Report (Doc. 33) to the undersigned District Judge, in which he recommends the Court adopt his findings of fact and conclusions of law and grant Nwaobasi's Motion for Summary Judgment. Though he granted Plaintiff's objection to an affidavit that claimed Plaintiff filed no grievances from December 2012 through the present, Judge Williams found Plaintiff's testimony—that Plaintiff did file a grievance regarding his spider bite—to be not credible. Noting that Plaintiff's Complaint included four specific assertions that either state or imply Plaintiff did not file an administrative grievance, Judge Williams found Plaintiff failed to exhaust his administrative remedies.

The Report was sent to the parties with a "NOTICE" informing them of their right to appeal by way of an objection filed within fourteen days of service (on or before May 10, 2013). To date, no objections have been filed. The period in which such objections may be filed has expired, so pursuant to 28 U.S.C. § 636(b)(1)(B) this Court need not conduct *de novo* review. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Banco Del Atlantico, S.A. v. Woods Indus.*, 519 F.3d 350, 354 (7th Cir. 2008); *Video Views, Inc. v. Studio 21, Ltd.* 797 F.2d 538, 539–40 (7th Cir. 1986)

Accordingly, the undersigned District Judge **ADOPTS** Magistrate Judge Williams' Report and Recommendation (**Doc. 33**) in its entirety and **GRANTS** Nwaobasi's motion for summary judgment (**Doc. 13**). Plaintiff's § 1983 claim against Defendant Nwaobasi is **DISMISSED without prejudice**. The only remaining claims in this case are Plaintiff's claims against John Doe Defendants.

IT IS SO ORDERED.  s/ *Michael J. Reagan*
DATE: July 17, 2013   MICHAEL J. REAGAN
   United States District Judge